**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY THOMAS NEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-CV-179 CAS |
| | ) | |
| HUNTER'S VIEW, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Hunter's View, Ltd.'s Memorandum in Support of Notice of Removal, filed in response to the Order Concerning Removal issued on January 11, 2007. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this matter, and the case must be remanded to state court.

**Background**.

Plaintiff Gregory Thomas New initially filed suit in the Circuit Court of Madison County, Missouri. This case arises out of personal injuries allegedly suffered by plaintiff on or about October 27, 2002, when he fell twelve or thirteen feet from a tree stand as a result of a defective tether strap on a chest safety harness. Plaintiff suffered a compression fracture of his T12 vertebra, and claims he was unable work for three and a half months as a result of the injury. The petition alleges that "the reasonable value of [plaintiff's] losses and damages is in excess of $25,000 and less than $75,000." Petition at 2, ¶ 8. The prayer in plaintiff's petition is for "such amount as will reasonably compensate [plaintiff] for his losses and damages." Id. On its face, therefore, the petition does not seek an amount in excess of the jurisdictional minimum requirement for diversity jurisdiction, which is an

amount that "exceeds the sum or value of $75,000, exclusive of interest and costs." See 28 U.S.C. § 1332(a).

Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332(a). In support of the Notice of Removal, defendant submitted a demand letter from plaintiff's counsel to defendant's insurance carrier dated February 26, 2004, which sought the amount of $125,000 to settle the case. See Ex. B to Notice of Removal. The demand letter refers to medical damages of $6,802 and a lost wage claim of approximately $25,000. The petition, which was filed in October 2006, contains the prayer for relief set forth above and does not allege a specific amount of damages.

**Legal Standard**.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Generally, this means that a removing defendant has a more onerous burden to establish the requisite amount in controversy than does a plaintiff initially filing a case in federal court. See Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002) (where the plaintiff files suit in federal court, the federal court has jurisdiction unless, as a matter of law, the plaintiff could not recover more than $75,000).

"Courts have justified the disparate standards on the grounds that the plaintiff is generally the master of his complaint and his choice of forum should not be easily disturbed, and could avoid removal by stipulation to a claim of less than the jurisdictional amount to begin with." Gonzalez-Lopez v. Fahle, 2005 WL 2708832, *1 (E.D. Mo. Oct. 21, 2005) (citing 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3725 (3d ed. 1998)). Indeed, the Supreme Court has stated that while a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing" and consequently "uncertainties are resolved in favor of remand.")

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994). Federal courts are to strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). To meet its burden with regard to the jurisdictional amount, the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**.

Defendant's Notice of Removal asserts that diversity jurisdiction is proper based upon the petition's prayer for damages in excess of $25,000, plaintiff's combined lost wages and medical expenses of approximately $31,000, and plaintiff's demand letter seeking $125,000. The Court determined that this showing did not establish the existence of diversity jurisdiction and issued the Order Concerning Removal [Doc. 6]. In response to the Order Concerning Removal, defendant argues that it has shown by a preponderance of the evidence that the amount in controversy is met based on the information contained in the Notice of Removal, the fact that plaintiff, a brick layer by trade, claims permanent injuries to his back and spine resulting from the fracture of his vertebra, and the likelihood that a fact finder might conclude plaintiff's damages exceed $75,000. Defendant states that the mere fact plaintiff alleges in the petition that the value of his losses is less than $75,000 does not prevent him from seeking an amount greater than $75,000 at trial, or prevent a jury from awarding an amount greater than $75,000. Defendant also notes that although the petition claims the reasonable value of plaintiff's claim is less than $75,000, plaintiff has not executed a binding stipulation that he will not seek or accept damages in excess of that amount.

This Court has remanded cases for lack of diversity jurisdiction based on a failure to establish the amount in controversy where the plaintiff claimed medical expenses in a similar amount to the plaintiff in the present case. As stated above, plaintiff claims medical expenses of $6,800. See, e.g., Gramc v. Millar Elevator Co./Schindler Enters., 3 F.Supp.2d 1082 (E.D. Mo. 1998) (remanding case where plaintiff claimed medical expenses of $7,500 and permanent injury, and refused to stipulate that the amount in controversy would not exceed $75,000); Daniele v. Ford Motor Co., No. 4:96-CV-1903 CAS (E.D. Mo. Dec. 11, 1996) (under former jurisdictional minimum of $50,000, remanding

case where plaintiff claimed medical expenses of $8,400, lost wages of $3,600, had a permanent partial disability of his knee, and demanded $30,000 to settle case).[1]

Remand has also been required where the plaintiff sent a demand letter seeking an amount in excess of the jurisdictional minimum, but the removing defendant did not establish to a preponderance of the evidence that such an amount was actually in controversy. See, e.g., Reid v. USF Holland, Inc., 2006 WL 18759 (E.D. Mo. Jan. 4, 2006) (case remanded where plaintiff claimed permanent and disabling injuries resulting from automobile accident, prayer in petition sought an amount in excess of $25,000, and plaintiff had demanded both $250,000 and $74,999 to settle case); Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997) (demand letter alone is insufficient to establish the existence of diversity jurisdiction). As stated in the Order Concerning Removal, "[A] settlement letter is only one factor to consider in assessing the amount in controversy and . . . courts must consider the context in which such a settlement demand was made." Vermande v. Hyundai Motor America, Inc., 352 F.Supp.2d 195, 202 (D. Conn. 2004). The undersigned believes that caution is appropriate in considering settlement demands as evidence of the value of a case. "Courts should be alert to the fact that settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages." Vermande, 352 F.Supp.2d at 203 (citing Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996)). Defendant has presented no additional evidence to establish that the value of plaintiff's claim is as demanded, but rather merely states that plaintiff's counsel described plaintiff's demand in the letter

---

[1] The Court is aware that in some other cases with comparable damages to those claimed by plaintiff, judges in this district have concluded that diversity jurisdiction existed. See Def.'s Mem. Supp. Notice of Removal at 5.

as "reasonable." Defendant's apparent conclusion that if plaintiff says his demand is reasonable, then *ipso facto* the demand establishes that plaintiff's claim is worth $125,000, is not persuasive.

In this case, in sum, defendant has shown that plaintiff has approximately $7,000 in medical expenses and $25,000 in lost wages, claims a permanent injury based on a fractured vertebra, and sent a demand three years ago to settle the case for $125,000. There is no claim that plaintiff is seeking future medical expenses. In considering these facts, the Court is mindful that the party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge, 415 F.2d at 814. In the context of a case removed from state court based upon diversity of citizenship, that burden requires the removing party to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Kramper, 393 F.3d at 831. As stated above, removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur., 992 F.2d at 183. Under the facts of this case, the Court concludes that defendant has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

**Conclusion**.

For the foregoing reasons, the Court concludes that defendant has failed to meet its burden to establish the existence of the jurisdictional amount by a preponderance of the evidence. This matter must therefore be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Circuit Court of Madison County, Missouri, from which it was removed, for lack of subject matter jurisdiction.

An order of remand will accompany this memorandum and order.

                                             _____
                                             **CHARLES A. SHAW**
                                             **UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of April, 2007.